UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLAN FRED ALTERGOTT, ) | |
| ) | |
| Petitioner, ) | 3:04-cv-0752-LRH-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

On October 27, 2005, petitioner filed a Motion for Certificate of Appealability (docket #21), which the court construes as a Notice of Appeal. Respondents have not responded to the motion. Because petitioner was permitted to proceed in *forma pauperis* in this action, he shall be permitted to maintain that status on appeal.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

> underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that petitioner has not met this standard.

The court finds that jurists of reason would not find debatable the court's decision as to the merits of his exhausted claims or the procedural issues related to petitioner's procedurally barred claims. Despite petitioner's attempts to reargue the merits of his claims, the Nevada Supreme Court applied the proper legal standards and made reasonable determinations of the facts imposing a deference requirement on this court under the AEDPA. Petitioner has not shown that he was deprived of the effective assistance of counsel. Neither has he convinced either this court or the Nevada Supreme Court that he was convicted on insufficient evidence. His claims would not inspire debate among rational jurists.

The procedural rulings of this court are also on firm footing among rational jurists. Petitioner did not attempt to overcome the procedural bar to the court's hearing certain of his claims on the merits. Rather, he simply contested the state courts' findings in that regard. Here, petitioner has not shown how jurists of reason might debate the procedural rulings. His arguments of actual innocence are not persuasive. The certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED** that petitioner is granted leave to proceed in *forma pauperis* on appeal in this matter.

**IT IS FURTHER ORDERED** that petitioner's Motion for Certificate of Appealability (docket #21) is **DENIED**.

Dated this 9th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE